IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BRANDON GULLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 2:10-CV-100 |
| | ) |
| MATT WEBB, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion for Summary Judgment" filed by defendants, Hamblen County, Tennessee, Matt Webb, Jason Murphy, and Bobby Thorpe [doc. 11]. Plaintiff has filed a response [doc. 13], and defendants have submitted a reply [doc. 20]. Oral argument is unnecessary, and the motion is ripe for the court's determination. Plaintiff has brought suit pursuant to 42 U.S.C. § 1983 for alleged violation of his constitutional rights by the defendants. For the reasons that follow, the motion will be denied.

I.

*Background*

On May 12, 2009, plaintiff was an inmate at the Hamblen County Detention Facility where he initiated an altercation with two of the defendant officers. He later pled guilty to aggravated assault on the officers. In the affidavit submitted in response to defendants' motion, plaintiff admits to pleading guilty to assault on the officers. He also

states that after the assault on the officers had occurred, he was rendered unconscious and offered no further resistence to the officers. He was placed in restraints and brought to consciousness by being tasered. Plaintiff further states in his affidavit that while he was in restraints one of the defendants jumped on his rib cage causing injury and that he was assaulted several times before being taken to the hospital. The affidavit also reflects that plaintiff was slammed into the cage door of the cell after his assault on the officers was completed and after he had been placed in restraints. Plaintiff further states that he was beaten unconscious at least two times during this period and he was tasered on more than one occasion after being placed in restraints.

Additionally in the affidavit, plaintiff affirmatively states that at no time after he was placed in restraints did he offer any resistence. In the affidavit is plaintiff's statement that when he was being escorted from his cell to a vehicle for transport to the hospital, defendant Webb slammed his head into a wall because he failed to answer his question. Plaintiff also states that once he was in the vehicle, Webb punched him in the head and said, "One for the road, Bitch." Upon his return from the hospital, plaintiff says he was not permitted to clean the blood off of himself.

II.

*Standard of Review*

Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 56, which governs summary judgment.[1] Rule 56(a) sets forth the standard for governing summary judgment and provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The procedure set out in Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion." This can be done by citation to materials in the record, which include depositions, documents, affidavits, stipulations, and electronically stored information. Fed. R. Civ. P. 56(1)(A). Rule 56(1)(B) allows a party to "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec.*

---

[1] Federal Rule of Civil Procedure 56 was amended effective December 1, 2010. The Advisory Committee Notes to the 2010 amendments reflect that the standard for granting summary judgment "remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying [that standard]." Fed. R. Civ. P. 56 advisory committee's note. The summary judgment motion in this case was filed after the revised version became effective and therefore is governed by that version. *Cf. Wheeler v. Newell*, No. 09-4549, 2011 WL 204457, at *3 n.3 (6th Cir. Jan. 24, 2011) ("The motion for summary judgment in this case was filed prior to December 1, 2010, and is governed by the version of Rule 56 that was in effect at the time the motion was filed.").

*Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)).

In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

III.

*Analysis*

Defendants contend that plaintiff's § 1983 claims for excessive force are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because he pled guilty to aggravated assault on an officer and attempted escape. "*Heck* bars § 1983 plaintiffs from advancing claims that, if successful, 'would necessarily imply the invalidity' of a prior conviction or sentence. However, if 'the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.'" *Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005) (quoting *Heck*, 512 U.S. at 487).

4

Any excessive force claim based upon plaintiff's assault on the officers would be barred by *Heck*. That struggle involved the assault conviction and would involve the excessive force claim, both of which are inextricably intertwined. *Id.* at 682-83 ("The struggle between Cummings and the officers gave rise to both Cummings' assault conviction and the excessive force claim, and the two are inextricably intertwined."). In addition, plaintiff could have raised the excessive force as a defense to the assault charge, but he did not. *Id.* at 683.

In this case, however, the excessive force claim plaintiff is asserting is not based on the assault on the officers. Instead, plaintiff specifically states in his affidavit that he was beaten and tasered into consciousness after the assault on the officers had ended and after he had been placed in restraints. He also affirmatively states in his affidavit that once he was placed in restraints he offered no further resistence. At this point, the court "must construe and draw all reasonable inferences in favor of the nonmoving party." *Spangler v. Wenninger*, 388 F. App'x 507, 510 (6th Cir. 2010) (citing *Jones v. Potter*, 488 F.3d 397, 402-03 (6th Cir. 2007)).

Because plaintiff's § 1983 claims of excessive force are alleged to have occurred after the assault and after his resistance had ended, they are not barred. "*Heck* does not bar the Plaintiff's § 1983 claims to the extent they are based on alleged excessive force applied subsequent to his resistance." *Warner v. McMinn County*, No. 1:04-CV-399, 2007 WL 3020510, at *11 (E.D. Tenn. Oct. 11, 2007) (citing *Stone v. Watkins*, No. 1:04-cv-259, 2007 WL 1001847, at *5 (E.D. Tenn. Mar. 30, 2007) ("[T]o the extent, however, that

5

Plaintiff's § 1983 claim is based on allegedly excessive force applied after his resistance, *Heck* would not bar the assertion of such claim.")); *see also Potvin v. City of Westland Police Dep't*, No. 05-CV-702901, 2006 WL 3247116, at *9 (E.D. Mich. Nov. 7, 2006) ("Although Plaintiff pleaded guilty to a resisting arrest charge . . ., *Heck* does not bar any excessive force that occurred after Plaintiff had been arrested."); *Schreiber v. Moe*, 445 F.Supp.2d 799, 814 (W.D. Mich. 2006) (excessive force claim involving allegations after plaintiff was in custody and placed in police car not barred by *Heck*)[2]; *Lowe v. Henson*, No. 3:05-CV-275, 2007 WL 2022205, at *5 (E.D. Tenn. July 11, 2007) ("[T]o the extent that Lowe, Jr.'s § 1983 claim is based on allegedly excessive force applied after his resistance, *Heck* would not bar the assertions of such a claim.").

Accordingly, defendants' summary judgment motion will be denied. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[2] The case went to the United States Court of Appeals for the Sixth Circuit. This portion of the district court's opinion, however, was not before the appeals court. *Schreiber v. Moe*, 596 F.3d 323, 328 (6th Cir. 2010) ("Once Schreiber was in custody, he was placed in a patrol car where he claims he suffered additional abuse that is outside the scope of this appeal.").