IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| BRANDON GULLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-CV-100 |
| | ) | |
| MATT WEBB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This civil action is before the court for consideration of the "Motion for Reconsideration and/or Clarification" filed by defendants [doc. 31]. Plaintiff has not filed a response. Motions to reconsider are not specifically recognized by the Federal Rules of Civil Procedure. *Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co.*, No. 09-2127-STA, 2010 WL 3925261, at *2 (W.D. Tenn. Sept. 29, 2010) (citing *Westerfield v. United States*, No. 08-4458, 2010 WL 653535, at *5 (6th Cir. Feb. 24, 2010)). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id*. In the court's opinion, none of these reasons exist here.

Defendants seek reconsideration of the court's order [doc. 29] that clarified two legal issues raised by defendants in the agreed pretrial order, application of the *Heck v. Humphry* doctrine and qualified immunity.

With regard to the application of the *Heck* doctrine, the court has already ruled on the application of that legal issue in the memorandum opinion denying defendants' motion for summary judgment [doc. 24]. The court finds no reconsideration or clarification is necessary. The ruling stands as stated by the court in its opinion and clarification order [doc. 29]. Defendants argue that if the jury agrees with their version of the facts, then *Heck* would bar plaintiff's claim. They are incorrect. If the jury accepts defendants' version of the facts, the defendants rather than plaintiff would prevail at trial.

Defendants also ask for reconsideration of the court's ruling regarding the legal issue of qualified immunity at trial [doc. 29]. Defendants did not file a motion for summary judgment prior to trial seeking qualified immunity. However, as noted in the clarification order, this is not a case in which defendants would be entitled to qualified immunity. Defendants argue that if the jury agrees with defendants' version of what occurred, then they would be entitled to qualified immunity. Again, their argument is misplaced. If the jury agrees with the defendants as to what occurred, they would prevail over plaintiff at trial.

The court concludes that no basis exists to alter its rulings that the *Heck* doctrine and qualified immunity are legal issues that have no application at the trial of this case. Accordingly, defendants' motion [doc. 31] is hereby **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge

3